NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SARAH MORGAN, | : | |
| Plaintiff, | : | Civ. No. 06-1371 (GEB) |
| v. | : | |
| DENNIS W. GAY, et al., | : | **MEMORANDUM OPINION** |
|  | : | Docket Entry #'s 4, 12 |
| Defendants. | : | |

**BROWN, Chief District Judge**

This matter comes before the Court upon Motions of: (1) Plaintiff Sarah Morgan and others similarly situated (hereinafter "Plaintiff") for an Order remanding this action to the Superior Court of New Jersey, Law Division, Monmouth County, and for attorneys' fees and costs associated with said remand [Docket Entry # 4]; and (2) Defendant Dennis W. Gay, et al. (hereinafter "Defendants") for an Order changing venue and transferring this action to the District of Utah [Docket Entry # 12]. For the reasons discussed in this Memorandum Opinion, issued without oral argument pursuant to Fed. R. Civ. P. 78, Plaintiff's Motion for Remand will be granted and this action will be remanded to the Superior Court of New Jersey, Law Division, Monmouth County. Further, Defendants' Motion to Transfer Venue shall be dismissed as moot.

**I.     BACKGROUND**

This civil action is based upon false advertising claims by New Jersey purchasers of the skin cream StriVectin-SD. (Plaintiff Motion to Remand, p. 3). Plaintiff asserts violations of the

New Jersey Consumer Fraud Act, N.J.C.A. 56:8-1, et seq., as well as claims under common law fraud, unjust enrichment and breach of express and implied warranties.  (Id.).

Originally, the instant action was filed as a nationwide class with representatives in New York, Ohio, Indiana, Mississippi, Texas, New Jersey, Illinois and Vermont.  (Defendants' Opposition Brief, p. 3).  Plaintiff's chosen forum for the original Complaint was the United States District Court, Southern District of New York.  (Id.).  At that time, Defendants moved to transfer the action to the District of Utah, based upon a related case previously filed in that district and because all Defendants maintained residences and/or principal places of business in Utah.  (Id.).  Defendants' venue motion was ultimately granted.  (Id.).

Thereafter, Plaintiff voluntarily dismissed the action and re-filed a modified, New Jersey law-based Complaint in the Superior Court of New Jersey, Law Division, Monmouth County on January 30, 2006.  (Id. at pp. 3, 4; Plaintiff Motion, p. 3).  On March 22, 2006, Defendants removed this action pursuant to 28 U.S.C. §§ 1441 and 1453 based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Plaintiff Motion, pp. 3, 4).  On April 20, 2006, Plaintiff filed this Motion to Remand back to New Jersey Superior Court.  (Civil Docket).  On May 26, 2006, Defendants moved to transfer the case to the United States District Court, District of Utah (Central Division).  (Id.).

The present Complaint addresses the amount in controversy as follows: "this action . . . seeks . . . trebled compensatory damages; including but not limited to a refund of the purchase price that each member of the class paid for StriVectin-SD, respectively; punitive damages, and injunction, interest: court costs; and attorneys fees; however, the total amount of such monetary relief for the class as a whole shall not exceed $5 million in sum or value." (Complaint at ¶¶ 6, 8, 66, 71-72, 75 and 84).

## II.     DISCUSSION

### A.     Plaintiff's Motion

Plaintiff contends that this Court is without subject matter jurisdiction as Plaintiff's Complaint clearly limited the total monetary relief sought to $5 million or less.  As such, Plaintiff contends, Defendants fail to meet the requirements of the Class Action Fairness Act of 2005, which grants federal courts original and removal jurisdiction over any class action or similar case in which the value of all plaintiffs' claims exceeds $5 million, among other specifications.  Therefore, Plaintiff asserts, the instant action should be removed to New Jersey State Court.

### B.     Standard for Removal

Title 28, United States Code, Section 1441 permits a "defendant or defendants" in a civil action filed in state court to remove the action to federal court if the action could have been brought in the federal forum in the first instance.  *See Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840 (1989) (*per curiam*); *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 785 (3d Cir. 1995).  Removal under 28 U.S.C. § 1441(b) embraces the same class of cases over which the Court would have original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Propriety of a removal can be challenged in the form of a motion to remand.  Once the propriety of removal has been challenged, the removing defendant bears the burden of demonstrating that removal was proper and that the Court has subject matter jurisdiction over the action.  *See Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995).

### C.     Class Action Fairness Act of 2005

On February 18, 2005, Congress enacted the Class Action Fairness Act of 2005 (hereinafter "CAFA").  *Pub. L.* 109-2, 119 *Stat*. 4.  CAFA applies to most multi-state civil class actions filed on or after the date of enactment, and grants federal courts original and removal

jurisdiction over any class action or similar case in which the value of all plaintiffs' claims exceeds $5 million, exclusive of interest and costs, when any of the plaintiffs is a citizen of a different state from any one of the primary defendants and when the number of class members is at least 100.  *See* 28 U.S.C. §§ 1332(d)(2) and (d)(5)(B).

Under CAFA, the general rule of nonaggregation for purposes of determining the amount in controversy has been eliminated.  However, questions regarding who carries the burden of proof in a motion to remand under CAFA exist, with courts having considered the issue split and many courts, including the Third Circuit Court of Appeals, not yet having an occasion to address it.  *See e.g. Waitt v. Merck & Co., Inc.*, 2005 WL 1799740 at *3 (W.D. Wash. July 27, 2005) (holding that the burden of proof rests with the party seeking remand); *Harvey v. Blockbuster, Inc.*, 384 F.Supp. 2d 749, 752 (D.N.J. 2005) (recognizing that CAFA places the burden of remand on the plaintiff but not applying CAFA for other reasons); and *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005); *Antonio Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006) (all holding that the burden remains with the removing party).

### D. Burden of Proof Under CAFA

A review of the CAFA statute reveals an absence of any language addressing which party is to carry the burden of proof.  However, CAFA's legislative history, specifically the report of the Senate Judiciary Committee, contains the following language: "[I]f a purported class action is removed pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the burden of demonstrating that the removal was improvident (i.e., that the applicable jurisdictional provisions are not satisfied)."  S. Rep. 14, 109th Cong. 1st Sess. 42 (2005).

Courts often turn to legislative history when a statute or provision thereof is ambivalent, and with regards to instant burden of proof issue, several have done just that. S*ee e.g. Berry v. American Express Publishing Corp.*, 381 F.Supp. 2d 1118 (C.D.Cal. 2005) and *Natale v. Pfizer, Inc.*, 379 F.Supp. 2d 161 (D.Mass).

Several district courts have relied upon CAFA's legislative history to shift the burden of proof. However, each circuit court that has had occasion to consider the issue has determined that the burden of proof was to remain with the removing party, relying upon prior holdings that legislative history has no legal effect, that declarations of individual Senators cannot alter long-standing precedent, and that if Congress intended to alter who carries the burden of proof it would have so stated in the CAFA statute. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005); *Antonio Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006).

In consideration of the foregoing, this Court is inclined to agree with the holdings of the Seventh, Ninth and Eleventh Circuits. There is nothing in the CAFA statute indicating that Congress intended to alter which party carries the burden of proof. Further, legislative statements found in the Senate Judiciary Committee report accompanying the CAFA statute are inadequate in force or effect to alter years of precedent. *Pierce v. Underwood*, 487 U.S. 552, 556-68 (1988); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995).

This Court therefore holds that under CAFA the burden of establishing removal jurisdiction remains on the proponent of federal jurisdiction, following the rationale set forth by the Seventh, Ninth and Eleventh Circuits.

### E.     Amount In Controversy Requirement Pursuant to CAFA

Plaintiff does not dispute subject matter jurisdiction regarding the number of putative class members nor with the diversity of citizenship. Rather, Plaintiff argues that they properly capped the amount of damages sought to no more than $5 million, thereby failing under CAFA to satisfy the amount in controversy requirement and eliminating federal subject matter jurisdiction.

Defendants disagree and argue several points, including: (1) a suggestion that Plaintiff is engaging in "arrant forum shopping through evasive pleading"; (2) that the civil action has "nationwide focus" despite Plaintiff's narrowing its second Complaint to a class of New Jersey residents; and (3) that the jurisdictional amount in controversy under CAFA is "clearly satisfied." Defendants support their final assertion by arguing that the aggregated amount in controversy exceeds a "disingenuously" asserted $5 million cap on damages that Plaintiff placed in their Complaint. Defendants point to Plaintiff's demands for disgorgement of all profits from the sale of StriVectin-SD, as well as punitive and compensatory damages and attorneys' fees and costs, and assert that these demands exceed the $5 million mark.

#### i.     *standard of proof*

The Defendants, as previously determined to bear the burden of proof in the instant matter, must support their assertions of federal subject matter jurisdiction "by a preponderance of the evidence." *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178 (1936); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006). The preponderance of the evidence standard is commonly rephrased as "more likely than not." *Penn v. Wal-Mart Stores, Inc.*, 116 F.Supp. 2d 557 (D.N.J. 2000). Further, the rule of the Third Circuit states that the removing party bears the burden of demonstrating to a "legal certainty" the propriety of removal (*Samuel Bassett v. Kia Motors of Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004)) and that any

doubts by a court should be resolved in favor of remand (*Batoff v. State Farm Insurance Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

        **ii.**    *evidence*

When considering the amount in controversy, the Court is to look to the face of the complaint as those asserted allegations control the amount in controversy unless it appears "to a legal certainty the claim is really for less than the jurisdictional amount . . ." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

The legal certainty standard is a modest standard when a plaintiff wishes to litigate in federal court. However, as here, when a plaintiff wishes to be in state court, the complaint may contain ambiguities which require further analysis. In such a situation, "a defendant's notice of removal then serves the same function as the complaint would in a suit filed in federal court." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). "The complication is that a removing defendant cannot make the plaintiff's claims for him; as master of the case, the plaintiff may limit his claims . . . to keep the amount in controversy below the threshold. Thus part of the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands." (*Id.*) (Emphasis in the original).

Here, the Court is convinced, to a legal certainty, that the recovery Plaintiff potentially will receive will not exceed $5 million as Plaintiff has capped her potential recovery to that amount. Whether or not Plaintiff's cap is a "disingenuous" effort to avoid federal jurisdiction, limits on recovery are nevertheless a legitimate and recognized practice. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If he [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional

amount, and though he would be justly entitled to more the defendant cannot remove"); *see also* 14B C. Wright & Miller, *Federal Practice and Procedure*, § 3702 at 46 (3d ed. 1998) ("[u]nder well-settled principles, the plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy").

Having completed the review of Plaintiff's Complaint, the Court next considers the proofs offered by Defendants in their submissions. As discussed *infra*, Defendants assert that Plaintiff's demands for disgorgement of all profits from the sale of StriVectin-SD, as well as punitive and compensatory damages and attorneys' fees and costs, far exceed the $5 million mark.

Defendants, however, do not offer any factual support for this assertion. They do not provide, for example, statistical sales information regarding the amount of StriVectin-SD sold in New Jersey, the cost of StriVectin-SD, what sort of punitive damages that could be found when no harmful side effects are being alleged, or how much profit was made in New Jersey sales of StriVectin-SD which would be eligible for disgorgement. Without this information, all that remains from Defendants' submissions are their unsubstantiated assertions. However, Plaintiff provides the Court concrete evidence that the most Plaintiff can obtain from her Complaint in judgment is $5 million, as stated several times in her Complaint.

As Defendants have provided insufficient information to carry their burden of proof, and Plaintiff has provided tangible evidence that any financial award may not exceed $5 million, this Court finds that the instant civil action must be remanded to New Jersey Superior Court as it fails to meet the monetary requirements of CAFA.[1]

---

[1] The Court is aware of the procedural history that precedes the Complaint and Motions before It, and takes note of Defendants allegations of "forum shopping". Nevertheless, there is nothing in law that prevents or invalidates the previous actions of Plaintiff. Further, the Court is

### F. Motion to Transfer Venue is Moot

The instant Motion for Remand was filed on April 20, 2006, more than a month prior to Defendants' Motion to Transfer Venue. As is customary, the Court follows a "first in time, first in right" protocol. As the determination of this Court ultimately requires the remand of this action to New Jersey Superior Court, Defendants subsequent Motion to Transfer Venue to the District of Utah is moot.

### G. Plaintiff's Request for Attorneys' Fees and Costs

Plaintiff requests attorneys' fees and costs associated with the removal and remand. Plaintiff argues that attorneys' fees and costs are appropriate here as Defendants had no "colorable basis or justification for removing this case where the plaintiff explicitly limited the amount in controversy . . ." (Plaintiff's Motion, p. 16).

28 U.S.C. § 1447(c) provides, in relevant part: "[A]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal . . ." Commentary accompanying the referenced statutory provision states that "[T]he matter (of whether to award costs and attorney fees) is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand." The Third Circuit Court of Appeals has continued to proclaim the flexibility district courts maintain under the statutory language of § 1447. *Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996) (holding that district courts have "broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)"). However, the United States

---

required to look not at previous complaints that have been properly dismissed, or at potential future actions that may be filed against Defendants regarding their product, but rather, what is currently before It which is the presently filed Complaint limiting the scope of liability to New Jersey residents who had purchased StriVectin-SD.

Supreme Court has recently determined that "[a]bsent unusual circumstances, courts may award attorney's fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital*, 126 S.Ct. 704 (2005).

Here, it cannot be said that Defendants lacked an "objectively reasonable basis" when it removed the instant civil action to federal court. Defendants argued that the $5 million cap was "disingenuous" and that without the cap, the damages requested would exceed said dollar mark. To exceed the mark would satisfy the CAFA requirements, thereby giving the federal courts subject matter jurisdiction over the matter. The theory is sound, and if so proven, would have supported removal. Therefore, Defendants presented an "objectively reasonable basis" with which to remove (*see Mints* at 1261) and attorney fees and costs are not suitable for award.

### III.  CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Remand will be granted and this action is remanded to the Superior Court of New Jersey, Law Division, Monmouth County [Docket Entry # 4]. Consequently, Defendants' Motion to Transfer Venue [Docket Entry # 12] will be denied as moot. An appropriate Order is filed herewith.

           s/ Garrett E. Brown, Jr.
**HONORABLE GARRETT E. BROWN, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

Dated: August    7th  , 2006